UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ELLIOT PORCO,

                           Plaintiff,          Case No. 08cv6951 (KMK)
                                                            ECF Case
- v -

LEXINGTON INSURANCE COMPANY.

                           Defendant.
------------------------------------------------------------------ X

## ANSWER

Defendant, LEXINGTON INSURANCE COMPANY, ("Defendant"), by and through its attorneys, CLAUSEN MILLER, PC, as and for its Answer to Plaintiff's Complaint, alleges, upon information and belief, as follows:

### ANSWERING PLAINTIFF'S ALLEGATIONS

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that it is incorporated in the State of Delaware and has its principal place of business in the State of Massachusetts. Except as otherwise admitted, the remaining allegations of Paragraph 2 are denied.

3. Defendant admits that it is a surplus lines insurer authorized to issue surplus lines policies within the State of New York. Except as otherwise admitted, the remaining allegations of Paragraph 3 are denied.

4. Defendant admits that it is a surplus lines insurer authorized to issue surplus lines policies within the State of New York. Except as otherwise admitted, the remaining allegations of Paragraph 4 are denied.

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 calls for a conclusion of law which Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations upon which such conclusion must be based.

7. Defendant admits that it issued Plaintiff a policy of insurance, No. LE 7887130 01, which policy is itself the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied. Except as otherwise admitted, the remaining allegations of Paragraph 7 are denied.

8. Denied.

9. Defendant admits that Plaintiff submitted a property loss notice via its agent on June 6, 2007. Except as otherwise admitted, the remaining allegations of Paragraph 9 are denied.

10. Denied. Defendant's duties, if any, arise from policy of insurance No. LE 7887130 01, which is itself the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied.

11. Denied. Defendant's duties, if any, arise from policy of insurance No. LE 7887130 01, which is itself the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied.

12. Denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. Plaintiff fails to state a cause of cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Defendant's policy of insurance, No. LE 7887130 01 (the "Policy"), provides, in pertinent part, as follows:

### HOMEOWNERS 3 - SPECIAL FORM
***

SECTION I - PERILS INSURED AGAINST
A.    Coverage A - Dwelling And Coverage B - Other Structures
***
    2.    We do not insure, however, for loss:
        a.    Excluded under Section I - Exclusions;
***
        c.    Caused by:
***

SECTION I - EXCLUSIONS
A.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
***
    3.    Water Damage
***

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY
### SPECIAL PROVISIONS - NEW YORK
***

SECTION I - PERILS INSURED AGAINST
***

Form HO 00 03 Only
A.    Coverage A - Dwelling And Coverage B - Other Structures
    Paragraph A.2.c. is deleted and replaced by the following:
    2.    <u>We do not insure, however, for loss</u>:
        c.    <u>Caused by</u>:
            (2)    Freezing, thawing, <u>pressure or weight of water</u> or ice, whether driven by wind or not, <u>to a</u>:
                (a)    Fence, pavement, patio or <u>swimming pool</u>;
***

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY
**WATER BACK UP AND SUMP OVERFLOW**
\*\*\*

4. SECTION I - EXCLUSIONS
The Water Damage exclusion is deleted and replaced by the following:
Water Damage, meaning:
   a.   Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
   b.   Water, or water-borne material, which:
      (1)   Backs up through sewers or drains; or
      (2)   Overflows or is discharged from a sump, sump pump, or related equipment
as a direct or indirect result of flood; or
   c.   <u>Water</u>, water-borne material, <u>below the surface of the ground, including water which:</u>
      (1)   <u>Exerts pressure on</u>; or
      (2)   Seeps or leaks through;
<u>a</u> building, sidewalk, driveway, foundation, <u>swimming pool</u> or other structure;
caused by or resulting from human or animal forces or any act of nature. Direct loss by fire or explosion resulting from water damage is covered.
\*\*\*

(Emphasis added.)

15. A cause of the alleged damage to Plaintiff's swimming pool was water below the surface of the ground which exerted pressure on said swimming pool.

16. Thus, Plaintiff's claim is excluded from coverage and Defendant is not obligated to indemnify the Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The Policy provides, in pertinent part, as follows:

**HOMEOWNERS 3 - SPECIAL FORM**
\*\*\*
SECTION I - PROPERTY COVERAGES
\*\*\*
B.   Coverage B - Other Structures
\*\*\*
   2.   We do not cover:
      a.   Land, including land on which the other structures are located.

\*\*\*

SECTION I - PERILS INSURED AGAINST

A.    Coverage A - Dwelling And Coverage B - Other Structures

\*\*\*

    2.    We do not insure, however, for loss:
        a.    Excluded under Section I - Exclusions;

\*\*\*

        c.    Caused by:

\*\*\*

SECTION I - EXCLUSIONS

A.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\*\*\*

    2.    Earth Movement
        Earth Movement means:
        a.    Earthquake …
        b.    Landslide …
        c.    Subsidence or sinkhole
        d.    <u>Any other earth movement including earth sinking, rising or shifting</u>;
        caused by or resulting from human or animal forces or any act of nature unless direct physical loss by fire or explosion ensues and then we will pay only for the ensuing loss.

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**SPECIAL PROVISIONS - NEW YORK**

\*\*\*

SECTION I - PERILS INSURED AGAINST

\*\*\*

Form HO 00 03 Only

A.    Coverage A - Dwelling And Coverage B - Other Structures
    Paragraph A.2.c. is deleted and replaced by the following:
    2.    We do not insure, however, for loss:
        c.    Caused by:

\*\*\*

        (5)    Any of the following:
            (a)    Wear and tear, marring, deterioration;
            (b)    Mechanical breakdown, latent defect, inherent vice, or any quality that causes it to damage or destroy itself;
            (c)    Smog, rust or other corrosion, or dry rot
            (d)    Smoke …

  (e) Discharge ... of pollutants ...
  (f) <u>Settling, shrinking, bulging or expansion,</u> including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;
  (g) Birds, vermin, rodents, or insects;
  (h) Animals owned or kept by an "insured".

Exception To Paragraph c.(5)
Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a:
 (i) Storm drain, or water, steam or sewer pipe, off the "residence premises"; or
 (ii) Plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises" ...

We do not cover loss to the system or appliance from which this water or steam escaped.
\*\*\*

Section I - Exclusion A.3. Water Damage, Paragraphs a. and c. that apply to surface water and water below the surface of the ground do not apply to loss by water covered under c.(5) above.

Under Paragraphs 2.b. and c. above, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.
\*\*\*

(Emphasis added.)

18. A cause of the alleged damage to Plaintiff's swimming pool was earth movement.

19. Thus, Plaintiff's claim is excluded from coverage and Defendant is not obligated to indemnify the Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. The Policy provides, in pertinent part, as follows:

**HOMEOWNERS 3 - SPECIAL FORM**
\*\*\*
SECTION I - PERILS INSURED AGAINST
A. Coverage A - Dwelling And Coverage B - Other Structures
  2. We do not insure, however, for loss:
   a. Excluded under Section I - Exclusions;

246228.2  - 6 -

\*\*\*
SECTION I - EXCLUSIONS
\*\*\*

*B.*     We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

\*\*\*

     *3.*     Faulty, inadequate or defective:

\*\*\*

        d.     Maintenance;

\*\*\*

21.     A cause of the alleged damage to Plaintiff's swimming pool was faulty and/or defective maintenance.

22.     Thus, Plaintiff's claim is excluded from coverage and Defendant is not obligated to indemnify the Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     The Policy provides, in pertinent part, as follows:

### HOMEOWNERS 3 - SPECIAL FORM
\*\*\*

SECTION I - PERILS INSURED AGAINST
*A.*     Coverage A - Dwelling And Coverage B - Other Structures
\*\*\*

     2.     We do not insure, however, for loss:
        a.     Excluded under Section I - Exclusions;
\*\*\*

SECTION I - EXCLUSIONS
*A.*     Coverage A - Dwelling And Coverage B - Other Structures
\*\*\*

     2.     We do not insure, however, for loss:
        a.     Excluded under Section I - Exclusions;
\*\*\*

        c.     Caused by:
\*\*\*

SECTION I - EXCLUSIONS
*A.*     We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

>                             \*\*\*
> 2. Earth Movement
>                             \*\*\*
> 3. Water Damage
>                             \*\*\*
>
> B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.
>> 1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in A. above to produce the loss.
>                             \*\*\*

24. Weather conditions contributed to cause the alleged damage to Plaintiff's swimming pool.

25. Thus, Plaintiff's claim is excluded from coverage and Defendant is not obligated to indemnify the Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. The Policy provides, in pertinent part, as follows:

### HOMEOWNERS 3 - SPECIAL FORM
\*\*\*

> SECTION I - PERILS INSURED AGAINST
> A. Coverage A - Dwelling And Coverage B - Other Structures
>                             \*\*\*
>> 2. We do not insure, however, for loss:
>>> a. Excluded under Section I - Exclusions;
>                             \*\*\*
>>> c. Caused by:
>                             \*\*\*
>
> SECTION I - EXCLUSIONS
> A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>> 2. Earth Movement
>                             \*\*\*
>> 3. Water Damage
>                             \*\*\*

27. Multiple causes and/or events contributed concurrently and/or in sequence to excluded cause(s) of loss to cause the alleged damage to Plaintiff's swimming pool.

28. Thus, Plaintiff's claim is excluded from coverage and Defendant is not obligated to indemnify the Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. The Policy provides, in pertinent part, as follows:

### HO3 HOMEOWNER DECLARATIONS PAGE
Policy Number LE 7887130 01

\*\*\*

Insurance is provided only with respect to those special limits of liability applicable thereto:
Coverage Part 1 - Homeowners
- Coverage A:      $512,000
- Coverage B:      $51,200

\*\*\*

### HOMEOWNERS 3 - SPECIAL FORM
\*\*\*

SECTION I - PROPERTY COVERAGES
A.   Coverage A - Dwelling

\*\*\*

B.   Coverage B - Other Structures
     1.   We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

\*\*\*

     3.   The limit of liability for this coverage will not be more than 10% of the limit of liability that applies to Coverage A …

\*\*\*

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
### LEXINGTON SPECIAL PROVISIONS
\*\*\*

SECTION I - PROPERTY COVERAGES
B.   COVERAGE B - Other Structures. Subparagraph 3. of Paragraph B. is deleted and replaced by the following:
     3.   The limit of liability for this coverage shall not exceed the amount shown in the Declarations.

\*\*\*

30. Plaintiff's swimming pool is not a dwelling.

31. Thus, if the alleged damage to Plaintiff's swimming pool is covered, which Defendant denies, it is subject to a $51,200 maximum limit of liability and Defendant is not obligated to indemnify the Plaintiff beyond the Policy's limit of liability.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

32. The Policy provides, in pertinent part, as follows:

### HO3 HOMEOWNER DECLARATIONS PAGE
Policy Number LE 7887130 01

\*\*\*

Homeowners Deductibles
All Other Perils      $2500
Wind and Hail         $2500
Earthquake:           Excluded
Special: Theft        $5000

\*\*\*

### HOMEOWNERS 3 - SPECIAL FORM
\*\*\*

DEDUCTIBLE

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
### LEXINGTON SPECIAL PROVISIONS
\*\*\*

DEDUCTIBLE CLAUSE - is deleted and replaced with the following:
DEDUCTIBLE
Unless otherwise noted in this policy, the following deductible provision applies:
Subject to the policy limits that apply, we will pay only that part of the total of all loss payable under Section I - Property Coverages that exceed the applicable deductible amount or percentage shown in the Declarations. Under no circumstance shall the applicable deductible be less than the All Other Peril (AOP) deductible shown in the Declarations.

\*\*\*

33. Thus, if the alleged damage to Plaintiff's swimming pool is covered, which Defendant denies, the above deductible must be applied to the limit of liability, and Defendant is

not obligated to indemnify the Plaintiff beyond the Policy's limit of liability and applicable deductible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Defendant's liability, if any, arises under the terms and conditions of the aforementioned policy of insurance. Thus, to the extent that Plaintiff has failed to comply with any term or condition of the Policy, Defendant is not obligated to indemnify the Plaintiff.

**WHEREFORE**, Defendant LEXINGTON INSURANCE COMPANY, hereby demands judgment dismissing Plaintiff's Complaint as against it, together with the costs and disbursements of this action, and for such other, further and different relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 8, 2008
New York, New York

\_\_\_\_\_s/_____
Jacob R. Zissu (JZ1999)
CLAUSEN MILLER, PC
One Chase Manhattan Plaza, 39th Floor
New York, New York 10005
(212) 805-3943
jzissu@clausen.com
*Attorneys for Defendant*
*Lexington Insurance Company*

To:
Jonathan C. Lerner
ABRAHAM, LERNER & ARNOLD, LLP
292 Madison Ave., 22nd Floor
New York, New York 10017
(212) 686-4655
jlerner@abrahamandlerner.com
*Attorneys for Plaintiff*
*Elliot Porco*